THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERITAS CONSTRUCTION, INC., a Washington corporation; and VERITAS DEVELOPMENT INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LBG 38, LLC, a Delaware limited liability company; and KINETIC CAPITAL COMPANY, LTD.,<br><br>Defendants. | CASE NO. C16-1811-JCC<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on the motion to dismiss and compel arbitration by Defendants LBG 38, LLC and Kinetic Capital Company, Ltd. (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND[1]

In June 2015, Plaintiffs Veritas Construction, Inc. and Veritas Development, Inc. entered into a development and construction management agreement with Defendants LBG 38, LLC and

---

[1] Pursuant to Federal Rule of Evidence 201, the Court grants Defendants' request for judicial notice, (Dkt. No. 12 at 3 n.1), and relies upon the judicially noticed documents herein.

Kinetic Capital Company, Ltd. ("the Agreement"). (Dkt. Nos. 16-1, 16-2.) Article X of the Agreement, entitled "Dispute Resolution," requires the parties to arbitrate "any and all actions or claims" that "arise out of or are in any way related to or connected with, in whole or any part, the Work, the use or condition of the Project" or "aris[e] out of or relat[e] to the interpretation of" the Agreement. (Dkt. No. 14 at 10-11.)

On October 28, 2016, Plaintiffs brought suit against Defendants in King County Superior Court, alleging breach of contract, fraud/misrepresentation, breach of fiduciary duties, constructive trust, and appointment of receiver. (Dkt. No. 1-1 at 11-12.) Defendants subsequently removed the case to federal court, (Dkt. No. 1), and now move to dismiss claims and compel arbitration (Dkt. No. 12).

## II.   DISCUSSION

The parties agree that the Agreement compels arbitration of Plaintiffs' claims. (Dkt. No. 15 at 1; Dkt. No. 19 at 1.) However, they dispute whether the Court should dismiss Plaintiffs' claims or stay them pending arbitration.

Under 9 U.S.C. § 3, if the Court finds that an issue is referable to arbitration under the parties' agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."

Plaintiffs allege that a "plain reading of the word 'shall' leaves little room for judicial interpretation." (Dkt. No. 15 at 6.) But the Ninth Circuit has made clear that § 3 does "not limit the court's authority to grant a dismissal" where the "language contained in the arbitration provision is sufficiently broad to bar all of plaintiff's claims."[2] *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (internal quotes omitted); *see also Genias Graphics Gmbh & Co. v. KG v. Tecplot, Inc.*, 2013 WL 12092542 at *3 (W.D. Wash. Aug. 21, 2013) ("Even where a party moves for a stay pending arbitration, the Court has discretion to dismiss a

---

[2] Plaintiffs state that "[t]here is an apparent split among the circuits in this regard." (Dkt. No. 15 at 7.) Such a split is irrelevant, as Ninth Circuit law is binding on this Court.

case if it finds that all the claims before it are subject to mandatory arbitration."); *O'Donnell v. TD Ameritrade, Inc.*, 2008 WL 8976220 at *5 (S.D. Cal. June 17, 2008) ("Because all of the issues presented in this lawsuit are arbitrable [under the parties' agreement], it is proper to dismiss the action rather than stay the proceedings.").

Plaintiffs do not dispute that all of their claims are subject to mandatory arbitration. (*See* Dkt. No. 15 at 1) (agreeing that "this case is subject to arbitration pursuant to a contractual arbitration provision"); (*see also id.* at 4) ("It has never been disputed that arbitration of the issues between the parties is mandated by the Agreement."). Instead, Plaintiffs assert that dismissal would be "inappropriate under the circumstances." (*Id.* at 1.)

Specifically, Plaintiffs filed a lis pendens against the underlying property based on their fear that Defendants were planning to sell it. (*Id.* at 1-2.) Plaintiffs argue that, if their claims are all dismissed, they "would have limited prospects for recovery following arbitration if the [property] is sold." (*Id.* at 2.) They further allege that, after arbitration, the "parties should be allowed to return to federal court where the court will decide whether to confirm, vacate, or modify the arbitrator's award." (*Id.* at 7.)

Plaintiffs cite no authority to support their argument that filing of a lis pendens makes a stay appropriate. The fact remains that the Agreement—which Plaintiffs acknowledge is binding and applicable—requires Plaintiffs' claims to be resolved in arbitration. (*See* Dkt. No. 14 at 14) ("By signing [the Agreement, the parties] are giving up any rights they might possess to have the dispute litigated in a court or jury trial."). In arbitration, the parties can address the issues raised, including Plaintiffs' ownership interest in the property and the alleged—but disputed—pending sale. (*See* Dkt. No. 19 at 4 n.2.)

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and compel arbitration (Dkt. No. 12). Plaintiffs' claims are hereby DISMISSED without prejudice. Pursuant to Plaintiffs' request, the parties are DIRECTED to conduct arbitration with JAMS,

1 utilizing Judge Armstrong, Judge Ellison, or Judge Lukens.

2 The Clerk is DIRECTED to close this case.

3 DATED this 24th day of January 2017.

 

John C. Coughenour
UNITED STATES DISTRICT JUDGE